IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

CARLOS FLEITAS,

  Petitioner,

v.         CIVIL ACTION No. 1:24-00112

E. ROKOSKY,

  Respondent.

**MEMORANDUM OPINION AND ORDER**

  By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on October 4, 2024.  See ECF No. 12.  He recommends that this court (1) grant respondent's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," (ECF No. 8), and (2) remove this matter from this court's docket.  See ECF No. 12 at 15.

  In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days to object to the PF&R.  Fleitas filed timely objections.  See ECF No. 15.

## I.   Background

At all relevant times, Fleitas was an inmate at Federal Correctional Institution McDowell. See ECF No. 1. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that he has been unlawfully denied "earned time credits" under the First Step Act of 2018 ("FSA"), Pub. L. 115-135. See ECF No. 1 at 2. Respondent moved to dismiss the petition for two reasons:  (1) Fleitas did not exhaust his administrative remedies, and (2) he is not eligible for earned time credits under the FSA because he has a final order of removal against him under the immigration laws of the United States. Magistrate Judge Aboulhosn agrees and recommends dismissing the petition for those reasons.

Fleitas raises three discernable objections:  (1) the court should exercise "[p]rosecutorial [d]iscretion in determining who has a final [order of] deportation for purposes of good time credits[,]"  (ECF No. 15 at 2), (2) "FSA credits should be applied to all Cubans incarcerated with no violent crimes[,]" (id. at 6), and (3) this case presents extraordinary and compelling circumstances because of Fleitas's family ties and record of rehabilitation, (see id. at 7).

## II. Legal Standard

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). "A document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically, as to objections to a PF&R, courts are "under an obligation to read a pro se litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997).

## III. Discussion

As an initial matter, Fleitas does not object to the PF&R's finding that he failed to exhaust his administrative remedies. This constitutes a waiver of de novo review of that issue. See Thomas, 474 U.S. at 149-50. The PF&R's finding is also supported by the record and not clearly erroneous. Therefore, Fleitas's failure to object is dispositive of this case.

3

Even so, the court will briefly address Fleitas's three objections.  First, the court rejects his argument that the court should apply prosecutorial discretion since that applies to prosecutors and is irrelevant to this case.  Second, there is no support for his argument that Cuban immigrants with final orders of removal against them receive special treatment under the FSA.  The PF&R cites numerous cases rebutting this argument.  See ECF No. 12 at 14.  Non-citizens are ineligible for FSA time credits, without exception, if they are "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i).  Finally, Fleitas's family connections and rehabilitation do not affect his eligibility for time credits under the FSA where he faces a final order of removal.  His objections are **OVERRULED**.

## IV. Conclusion

The court has reviewed the record, the Magistrate Judge's PF&R, and Fleitas's objections.  For the reasons discussed above, his objections are **OVERRULED**.

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Respondent's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (ECF No. 8) is **GRANTED**; and
2. This action is **DISMISSED**.

4

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

**IT IS SO ORDERED** this 19th day of February, 2025.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge